

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4146
Re: Execution of warrants of rural
high school districts.

We have received your letter of recent date in which you ask
the opinion of this department whether the trustees of a rural high
school district may authorize someone, other than the president and
secretary of the board, to sign the school warrants by filing with the
depository bank this authorization in writing. You also ask whether the
depository bank would assume any liability upon payment of warrants so
drawn.

Articles 2922-i and 2922-j, Revised Civil Statutes, read
respectively as follows:

"All funds of every nature to which a rural high school
district may be entitled shall be paid out on warrants issued
by the secretary and signed by the secretary and president of
the board of trustees and approved by the county superintend-
ent of public instruction. The board of school trustees shall
select its own president and secretary, each of whom shall be
a member of the Board. The Secretary shall keep a complete
itemized account of all receipts and disbursements in a well-
bound book owned and paid for by the district, and his ac-
counts shall be approved by the county superintendent and by
the county board of school trustees at the end of each scho-
lastic year. No school funds shall be allotted or appor-
tioned and paid to any rural high school district for the fol-
lowing year thereafter until this report is submitted to and
approved by the county superintendent and the county board of
school trustees."

"All funds belonging to a rural high school district
shall be deposited in the county depository and disbursed
in the same manner as other funds are disbursed from such
depository under the depository law in so far as same are
applicable."

Thus, we see that the warrant is to be <u>issued</u> by the secretary, <u>signed</u> by the secretary and president, and <u>approved</u> by the county super-intendent. The secretary is charged with the duty of keeping a complete itemized account of all receipts and disbursements.

In Texas Jurisprudence, Volume 37 at page 976, it is said:

"When the school funds have been turned over to and accepted by the depository he becomes liable for their safekeeping, proper disbursement and return in so far as they have not been expended."

And at pages 968, 969 and 970 of the same volume appears:

"Powers of boards and officers over funds belonging to school districts, and the manner in which those powers shall be exercised are prescribed by statute, and the course prescribed by law must be followed to the exclusion of all other methods . . . .

"And any authority given to boards and officers to draw on school funds is governed and limited by the provisions of the general statute. Vouchers and warrants also should be approved as provided by law."

We believe that Article 2922-i, in providing that the secretary shall issue the warrant and that it shall be signed by the president and the secretary, requires more than if the statute had merely provided that the president and secretary approve the warrant. Of course, they must determine that the charge is proper before the warrant is issued. Then the statute specifically requires that it be signed by the president and the secretary. We are of the opinion that this duty may not be delegated.

You are, therefore, advised that the trustees of a rural high school district have no power or authority to authorize someone other than the president and secretary of the board to sign the school warrants. It is the responsibility of the depository to determine that the warrants have been properly executed and approved.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/George W. Sparks
George W. Sparks
Assistant

GWS:LM:wc

APPROVED NOV. 25, 1941 s/Grover Sellers FIRST ASSISTANT ATTORNEY GENERAL
Approved Opinion Committee By BWB Chairman